IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RYAN CLARKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-cv-02020-JPM-tmp ) ) |
| TOTAL QUALITY LOGISTICS, | ) ) |
| Defendant. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Report and Recommendation filed by Chief United States Magistrate Judge Tu M. Pham on February 13, 2025. (ECF No. 17.) The Magistrate Judge recommends the Court deny Defendant Total Quality Logistics' ("Defendant's" or "TQL's") Motion to Dismiss, (ECF No. 10). (ECF No. 17 at PageID 88.) No objections were filed. Time having run, and finding no clear error on the face of the record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Defendant's Motion to Dismiss.

I.  **BACKGROUND**[1]

    A.  **Factual Allegations and Asserted Claims**

This action arises from Plaintiff Ryan Clarke's ("Plaintiff's" or "Clarke's") employment and subsequent termination at TQL, a company that coordinates third party logistics. (ECF No. 1-1 at PageID 10–11.) As part of his employment, Plaintiff signed a non-compete agreement

---

[1] This Section incorporates the Proposed Findings of Fact from the Magistrate Judge's Report. (ECF No. 17 at PageID 88–91.) Receiving no objections thereon, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

preventing him from "work[ing] for another company within the same industry." (Id. at PageID 10.) Plaintiff alleges that he was wrongfully terminated and his non-compete agreement has prevented him finding other work in the logistics industry. (Id. at PageID 10–11.)

Plaintiff challenges his termination and the enforceability of his non-compete agreement, asserting the following claims:

> [w]rongful termination, [w]rongful non-compete agreement, [l]oss of wages after termination, [d]enial of opportunity due to wrongful [n]on-[c]ompete, [l]oss of salary plus commission forcing plaintiff to enter a commission only situation from scratch, [l]oss of quality of life, [c]reation of a political refugee through means of corruption, creating vulnerability and distrust for a citizen within the judicial system by exploitation, [c]orporate [i]ncriplement, [a]ct of [j]udicial [w]ar [g]ames, [a]n attempt to use the judicial system to mask corruption, and [s]evere [m]ental anguish.

(Id. at PageID 13.) Plaintiff seeks $33,000 in compensatory damages and $3 million in punitive damages. (Id. at PageID 14.)

**B.  Procedural History**

On November 19, 2024, Plaintiff filed his Complaint pro se in Shelby County Chancery Court. (Id. at PageID 9; ECF No. 1 at PageID 1.) Summons was addressed to TQL at "3175 Lenox Park Blvd. Ste 202, Memphis, TN, 38115." (ECF No. 1-1 at PageID 7.) The Shelby County Sheriff served TQL on Plaintiff's behalf on December 12, 2024; a "Scott Gresham" accepted service for TQL. (Id. at PageID 7–8; ECF No. 1 at PageID 1.) On January 9, 2025, TQL removed the case to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at PageID 2.)[2]

---

[2] Clarke is a citizen of Tennessee. (ECF No. 1-1 at PageID 10.) TQL is a limited liability company formed under the laws of Ohio with its principal place of business in Ohio. (ECF No. 1 at PageID 3.) TQL is comprised of three members—KGBO Holdings, Inc.; MJZ Holdings, LLC; and KMB Holdings, LLC—all of which are citizens of Ohio. (Id.)

2

On January 16, 2025, TQL filed the instant Motion to Dismiss. (ECF No. 10.) TQL moves to dismiss for (1) lack of personal jurisdiction due to insufficient service of process and (2) failure to state a claim given the arbitration and non-compete agreements between the Parties. (ECF Nos. 10, 10-1); see also Fed. R. Civ. P. 12(b)(5)–(6). TQL argues service of process was insufficient under Federal Rule of Civil Procedure 4 or Tennessee Rule of Civil Procedure 4.04 because the summons "was not addressed to an officer, managing agent or other agent appointed to receive service on TQL's behalf." (ECF No. 10-1 at PageID 36.) TQL's registered agent in Tennessee is Corporate Creations Network Inc. ("Corporate Creations"). (Id.) The summons, however, was delivered to Scott Gresham, a TQL employee who is not represented as "an individual authorized by law to accept [service] on behalf of TQL." (Id.) TQL then argues Clarke must bring this dispute to arbitration pursuant to the Parties' arbitration agreement, (id. at PageID 38), or the selected forum pursuant to the Parties' non-compete agreement, (id. at PageID 43–44).

Plaintiff filed his Response in Opposition on January 17, 2025, contending that service of process was sufficient. (ECF No. 11 at PageID 66.) Defendant replied on January 31, 2025. (ECF No. 14.) Plaintiff filed his Amended Response on February 3, 2025. (ECF No. 15 at PageID 79.)[3] Plaintiff also filed two FedEx receipts—one dated December 13, 2024, and the other December 31, 2024—purporting to show that parcels were sent to TQL at the address on the summons. (ECF No. 16.) The December 13 receipt shows that a signature upon delivery was not required. (Id. at PageID 84.)

---

[3] Plaintiff's Amended Response contains additional argument for why service of process was sufficient and why the court has personal jurisdiction. Because Plaintiff is a pro se litigant and his response was otherwise timely filed within twenty-eight days per Local Rule 12.1(b), the Magistrate Judge properly considered Clarke's Amended Response.

## II.  LEGAL STANDARDS

### A.  Service of Process

"Service is a foundational part of the litigation process." Nelson v. Memphis-Shelby Cnty. Schs., No. 2:23-cv-02771-SHL-cgc, 2024 WL 4276067, at *2 (W.D. Tenn. Sept. 24, 2024).  "If a defendant is not served within 90 days after the complaint is filed, the [C]ourt—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The plaintiff must perfect service and prove service has been made.  Tepe v. Whirlpool Corp., No. 22-5826, 2023 WL 6130297, at *2 (6th Cir. June 2, 2023) (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)).

### B.  Report and Recommendation

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2).  "When no timely objection is filed, the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.  The "failure to properly file objections constitutes a waiver of appeal."  Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III.  ANALYSIS

### A.  Proposed Conclusions of Law

TQL argues that service of process was improper because Plaintiff did not serve TQL's registered agent, and the summons filed with the Court "makes no representation that [Scott] Gresham is an individual authorized by law to accept on behalf of TQL."  (Id. at PageID 36.)  The

4

Magistrate Judge reviewed Plaintiff's two apparent arguments: (1) that "[a]ll legal documents were served via mail" and (2) that Scott Gresham is an officer of TQL. (ECF No. 17 at PageID 94 (quoting ECF No. 15 at PageID 79).) The Magistrate Judge made the following conclusions:

> First, Clarke has not shown that his purported attempts to serve process via FedEx were sufficient. The receipts he filed with the Court do not show that service complied with Tennessee Rule 4.04(10), let alone that service was made, especially because the December 13 receipt indicates that a signature was not required. See Tenn. R. Civ. P. 4.03(2) (requiring that a return receipt for service be signed by a person designated to accept service on behalf of the party).
>
> Second, Clarke has not shown that Gresham was authorized to accept service on behalf of TQL. Clarke has not provided any information about Gresham's job title other than his bare assertion that Gresham is an officer. For its part, TQL states that Corporate Creations is its registered agent in Tennessee, which Clarke has not served. Clarke's bare assertion that Gresham is an officer does not satisfy Clarke's burden to show that service of process was valid. [See] Tepe, 2023 WL 6130297, at *2.

(Id. at PageID 94–95.) Accordingly, the Magistrate Judge found Plaintiff had not perfected service of process as of February 14, 2025. (See id. at PageID 95.)

At that point, however, Plaintiff still had three days left in his ninety-day window to perfect service. (See id.) The Magistrate Judge determined that a limited extension of Plaintiff's deadline to perfect service was justified under the factors outlined in United States v. Oakland Physicians Medical Center, LLC, 44 F.4th 565, 568 (6th Cir. 2022). (Id. at PageID 96–97.) On those grounds, the Magistrate Judge recommended denial of Defendant's Motion to Dismiss. (See id. at PageID 97.)[4]

---

[4] Because the Magistrate Judge found that service was defective, the Report and Recommendation did not reach the Rule 12(b)(6) grounds for TQL's Motion to Dismiss. (See id. at PageID 90 n.4.)

### B. Review for Clear Error

Because no objections to the Report and Recommendation have been filed, the Court reviews the Report and Recommendation for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

The Court finds no clear error with the Report and Recommendation. See id. The Magistrate Judge correctly found that Plaintiff had not perfected service on TQL as required by Federal Rule of Civil Procedure 4 or Tennessee Rule of Civil Procedure 4.04. (See ECF No. 17 at 94–95.) It is within the Court's discretion to extend the period to serve process, even absent good cause. See Oakland Physicians, 44 F.4th at 568. The Magistrate Judge correctly found that a limited extension of service was warranted here under the Oakland Physicians factors. (See ECF No. 17 at PageID 96–97.) This extension rectified the defective service issue without disposing of the other asserted grounds for Defendant's Motion to Dismiss. (See id. at PageID 90 n.4.) By not reaching Defendant's arguments for dismissal under Rule 12(b)(6), (id.), the Magistrate Judge implicitly recommends denial as moot as to that part of Defendant's Motion.[5] Accordingly, denial of Defendant's Motion is proper.

## IV. CONCLUSION

Upon review, the Court finds no clear error and concurs with the Magistrate Judge's findings. The Report and Recommendation is, therefore, **ADOPTED**. Accordingly, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED** this 11th day of April, 2025.

                                                   /s/ Jon P. McCalla
                                                   JON P. McCALLA
                                                   UNITED STATES DISTRICT JUDGE

---

[5] Denial for mootness allows Defendant to raise its arguments under Rule 12(b)(6) in a later motion. Indeed, Defendant has already filed a second Motion to Dismiss in part pursuant to Rule 12(b)(6). (See ECF No. 25.)