IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RYAN CLARKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-cv-02020-JPM-tmp ) ) |
| TOTAL QUALITY LOGISTICS, | ) ) |
| Defendant. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Before the Court is a Report and Recommendation filed by Chief United States Magistrate Judge Tu M. Pham on April 3, 2025. (ECF No. 36.) The Chief Magistrate Judge recommends the Court deny Plaintiff Ryan Clarke's ("Plaintiff's" or "Clarke's") Motion for Leave to Appeal In Forma Pauperis, (ECF No. 31) ("IFP Motion"). (ECF No. 36 at PageID 196.) Plaintiff filed two Motions "in Opposition of Denial of Forma Pauperis" on April 4 and April 10, 2025. (ECF Nos. 38, 42.)[1] The Court construes these "motions" as timely objections to the Report and Recommendation. For the reasons below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Plaintiff's Motion for Leave to Appeal In Forma Pauperis.

I.   **PROCEDURAL HISTORY**

A.   **Plaintiff's IFP Motion**

On March 17, 2025, Plaintiff moved for entry of default and for default judgment. (ECF Nos. 21, 23.) Plaintiff's motions relied on Defendant Total Quality Logistics' ("Defendant's" or

---

[1] Both "motions" contain nearly identical information. (Compare ECF No. 38 with ECF No. 42.) Plaintiff is cautioned against filing duplicative material.

"TQL's") alleged failure to plead or otherwise defend as provided by Federal Rule of Civil Procedure 55(a). (ECF No. 21 at PageID 105; ECF No. 23 at PageID 108.) The same day, Clerk of Court denied the request for entry of default because TQL had brought this case before the Court via notice of removal. (See ECF No. 22 at PageID 107.) The Clerk then denied the motion for default judgment because the prerequisite default had not been entered. (See ECF No. 24 at PageID 110.) On March 18, 2025, Plaintiff filed a notice of interlocutory appeal of the Clerk's denial of default judgment, citing Rules 55(c) and 60(b). (ECF No. 26 at PageID 151.)[2] On March 20, 2025, Plaintiff filed the instant IFP Motion. (ECF No. 31.)

B.   **Report and Recommendation**

The Magistrate Judge made the following report on the applicable legal standard for Plaintiff's IFP Motion:

> "Under Federal Rule of Appellate Procedure 24(a), a non-prisoner desiring to proceed in forma pauperis on appeal must obtain pauper status." Young v. Dep't of the Treasury, No. 2:19-cv-02384-TLP-dkv, 2020 WL 354756, at *3 (W.D. Tenn. Jan. 21, 2020) (citing Swain v. Save a Lot Corp., No. 16-2008-JDT-dkv, 2016 WL 429801, at *1 (W.D. Tenn. Feb. 3, 2016)). Under Rule 24(a)(1), a party must file a motion with the district court along with an affidavit. Fed. R. App. P. 24(a)(1). "However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the litigant must file his motion to proceed in forma pauperis in the Court of Appeals." Harris v. Decision One Mortg. Co., No. 12-2224-SHM-cgc, 2014 WL 11698744, at *9 (W.D. Tenn. Feb. 18, 2014) (citing Fed. R. App. P. 24(a)(4)–(5)).

(ECF No. 36 at PageID 196–97.) Under the Rule 24(a) standard, the Magistrate Judge made the following recommendation:

> The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under 28 U.S.C. § 1915(a), the test for good faith is whether a litigant "seeks appellate review of any issue [that is] not frivolous." Id. The Clerk denying entry of default is not a final order and does not meet the criteria for interlocutory appeals under 28 U.S.C. § 1292. Young, 2020 WL 354756, at *3.

---

[2] As stated in Plaintiff's Notice, Rule 55(c) governs when the Court may set aside default for good cause. Fed. R. Civ. P. 55(c); (see id. at PageID 150.) Here, however, no default was entered which the Court could set aside. (See ECF Nos. 22, 24.)

>    Appeal would therefore be frivolous, and the undersigned recommends that Clarke's motion be denied.

(Id. at PageID 197.)

## II. LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When a timely objection is filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." Dionne v. U.S. Navy, No 2:24-cv-02027-MSN-cgc, 2024 WL 5245093, at *1 (W.D. Tenn. Dec. 30, 2024) (citing Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)) (emphasis omitted).

## III. ANALYSIS

Plaintiff's objections to the Report and Recommendation are not sufficiently specific to trigger de novo review. See Fed. R. Civ. P. 72(b)(2)–(3). Plaintiff objects on the grounds that (1) his bank statement verifies his inability to pay the filing fee and (2) he "has shown burden of proof, due to good faith not applied." (ECF No. 38 at PageID 200.) The Magistrate Judge's Recommendation centered on the good faith standard, not Plaintiff's inability to pay. (ECF No.

36 at PageID 196–97.) Thus, Plaintiff's first objection only goes to the Recommendation's outcome, not the analysis. (See No. 38 at PageID 200; id.) This functions as a general objection which only triggers review for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition; Howard, 932 F.2d at 509. Plaintiff's second objection—that he "has shown burden of proof"—does not specifically explain "how the [Magistrate Judge's] analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." (See No. 38 at PageID 200); Dionne, 2024 WL 5245093, at *1. Thus, the Court reviews the Report and Recommendation for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition; Howard, 932 F.2d at 509.

Upon review, the Court finds no clear error in the Magistrate Judge's Report and Recommendation. The Magistrate Judge correctly stated the applicable standard for Plaintiff's IFP Motion under Rule 24(a). (See ECF No. 36 at PageID 196–97); Fed. R. App. P. 24(a). A final order "ends the litigation on the merits and leave nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). The Clerk's denial of Plaintiff's request for default judgment and the underlying requisite entry of default did not "end[] the litigation on the merits" and thus are not final orders. See id. Therefore, the Magistrate Judge correctly recommended that Plaintiff's appeal "does not meet the criteria for interlocutory appeals under 28 U.S.C. § 1292" and would be frivolous. (See ECF No. 36 at PageID 197 (citing Young, 2020 WL 354756, at *3).) Therefore, Plaintiff's IFP Motion is **DENIED**.

IV.    **CONCLUSION**

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **CERTIFIES** that Plaintiff's interlocutory appeal is not taken in good faith, and **DENIES** Plaintiff's Motion for Leave to Appeal In Forma Pauperis.

**IT IS SO ORDERED** this 18th day of April, 2025.

                                         /s/ Jon P. McCalla
                                       JON P. McCALLA
                                       UNITED STATES DISTRICT JUDGE