IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RYAN CLARKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:25-cv-02020-JPM-tmp |
| v. ) | |
| ) | |
| TOTAL QUALITY LOGISTICS, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING AND ADOPTING IN PART REPORT AND RECOMMENDATIONS, DENYING DEFENDANT'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S VARIOUS MOTIONS**

Before the Court are two Report and Recommendations ("R&Rs") filed by Chief United States Magistrate Judge Tu M. Pham on June 12, 2025. (ECF Nos. 56, 57.) First, the Magistrate Judge recommends the Court deny Defendant Total Quality Logistics' ("Defendant's" or "TQL's") Renewed Motion to Dismiss, filed on March 17, 2025, (ECF No. 25), ("First R&R"). (ECF No. 56 at PageID 299.) Second, the Magistrate Judge recommends the Court deny Plaintiff Ryan Clarke's ("Plaintiff's" or "Clarke's") various motions, (ECF Nos. 7, 34, 44, 46, 49, 51) ("Second R&R"). (ECF No. 57 at PageID 316.) Only Plaintiff filed a timely objection to the R&Rs. (ECF No. 59.)

The Magistrate Judge previously granted Plaintiff a discretionary extension of time until March 15, 2025, to serve Defendant in this matter after finding Plaintiff's initial attempts insufficient. (ECF Nos. 17, 18.) The Court adopted the Magistrate Judge's reasoning behind the extension when it adopted the recommendation to deny Defendant's first Motion to Dismiss. (ECF No. 43.)

I.      **The R&Rs**

   A.      **First R&R**

The Magistrate Judge first recommends the Court grant Plaintiff an additional discretionary extension of time to properly serve Defendant. (See ECF No. 56 at PageID 313 (citing United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 569 (6th Cir. 2022)).) Per the proposed findings, Plaintiff did not properly effect service of process via mail under Federal Rule of Civil Procedure 4 or Tennessee Rules of Civil Procedure 4.03(2) and 4.04(10). (Id. at PageID 309–12.) The First R&R specifically looks at Plaintiff's service attempts by certified mail on February 25, 2025, and March 28, 2025. (See id. (citing ECF Nos. 20, 27, 32)).) Based on those materials, the First R&R proposes Plaintiff has twice failed to require and file a signed return receipt for the delivery of the summons, which Tennessee Rules 4.03(2) and 4.04(10) mandate for the completion of service. (See id. at 309–10.)

Given Plaintiff's contradictory positions regarding the completion of service, the Magistrate Judge recommends Plaintiff "has not shown good cause to grant a second extension of time." (Id. at PageID 312; compare ECF No. 28 at PageID 157 (Plaintiff's request for a seven-day extension to perfect service), with ECF No. 35 at PageID 192 ("Plaintiff needs no further time, as service has been perfected").) The Magistrate Judge nonetheless recommends Plaintiff receive a discretionary extension of time after careful balancing of the Oakland Physicians factors. (See ECF No. 56 at PageID 313–15.) The Magistrate Judge suggests an extension of thirty days from the entry of the Court's order given a date discrepancy in a previous R&R regarding the end of the ninety-day service period. (See id. at PageID 314–315.)[1]

---

[1] Under 28 U.S.C. § 1448, Plaintiff originally had until April 9, 2025, to serve Defendant, not February 19, 2025. (See id. at PageID 301 n.2.) Regardless, Plaintiff failed to perfect service before that deadline.

2

B.  **Second R&R**

The Magistrate Judge also recommends the Court deny Plaintiff's Motion for Declaratory Judgment, (ECF No. 7), and five motions for summary judgment, (ECF Nos. 7, 34, 44, 46, 49, 51), as premature given the proposed finding on service of process. (ECF No. 57 at PageID 316.)

II.  **ANALYSIS**

The Court reviews de novo only those portions of the R&Rs to which Plaintiff specifically objected within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); see also Dionne v. U.S. Navy, No 2:24-cv-02027-MSN-cgc, 2024 WL 5245093, at *1 (W.D. Tenn.Dec. 30, 2024) (stating that a specific objection "should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue"). For the remaining portions, "the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless").

Plaintiff filed a timely objection to the R&Rs on June 13, 2025. (ECF No. 59.)

A.  **First R&R**

Plaintiff only specifically objects to the proposed factual finding in the First R&R that he did not require a return receipt with the delivery of the service of process. (See ECF No. 59 at PageID 320)[2]; see also Dionne, 2024 WL 5245093, at *1. In support, Plaintiff points to two United

---

[2] Plaintiff also objects to the Magistrate Judge's construction of Plaintiff's "Motion in Opposition to Dismiss," filed on April 17, 2025, (ECF No. 47), as an unauthorized sur-reply. (Id.) A sur-reply, regardless of the content, responds to the opposing party's reply to a motion. As correctly noted by the Magistrate Judge, a party must first seek leave of the Court before filing a sur-reply. (See ECF No. 56 at PageID 304 n.4 (citing L.R. 7.2(c), 12.1); Bates v. Methodist Le Bonheur Healthcare, No. 2:23-cv-02508-JPM-atc, 2024 WL 3700217, at *1 n.1 (W.D. Tenn. Aug. 7, 2024)).)

3

States Postal Service ("USPS") receipts, dated March 17, 2025, and March 28, 2025, which show the purchase of a return receipt. (Id. at PageID 320, 322–23.) Despite Plaintiff's assertion that the exhibits were "reattached" to his objections, (see id. at PageID 320), the receipt dated March 17, 2025, was not previously filed with the Court. Thus, the Court only reviews the March 28, 2025 receipt. See Muhammad v. Close, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009) (finding district courts "are not required . . . to consider evidence presented for the first time in a party's objections to a magistrate judge's report").

The Court finds clear error as to the proposed factual findings regarding the service attempt on March 28, 2025. The First R&R correctly noted that there was neither a purchase of a return receipt nor a signed return receipt upon delivery of the summons mailed on February 21, 2025. (See ECF No. 20 at PageID 104; ECF No. 27 at PageID 154–55; ECF No. 56 at PageID 309.) The March 28, 2025 USPS receipt, however, shows the purchase of a return receipt. (ECF No. 32 at PageID 176.) Examining the certified mail receipt submitted alongside the USPS receipt, it appears a printing error indicated that no return receipt had been purchased. (Id. at PageID 177 (listing "$0.00" on the lines for a hardcopy and electronic return receipt).) The Court thus **REJECTS** the portions of the First R&R that suggest Plaintiff did not purchase a return receipt for the March 28, 2025 service attempt.

Nonetheless, Plaintiff still fails to show a signed return receipt as required under Tennessee Rules 4.03(2) and 4.04(10). (Cf. ECF Nos. 20, 27, 32, 59.) None of the materials presents a return receipt signed by Defendant or by an otherwise designated person. (Cf. id.); see Tenn. R. Civ. P. 4.03(2). Thus, despite Plaintiff's multiple assertions to the contrary and in contradiction to each other, (see ECF No. 28 at PageID 157; ECF No. 35 at PageID 192; see also ECF No. 56 at PageID

312), Plaintiff has yet to properly effect service of process under Federal Rule 4 and Tennessee Rules 4.03(2) and 4.04(10).

As neither Party objected specifically to the Magistrate Judge's recommendation of a discretionary extension under Oakland Physicians, the Court reviews such for clear error. Finding none, the Court **ADOPTS IN PART** the Magistrate Judge's recommendation. Plaintiff shall have an additional twenty-one (21) days from the entry of this Order to perfect service upon Defendant. This timeline balances fairness to Plaintiff as a pro se litigant with the need to facilitate the forward progression of this case in light of the previous delays for insufficient service. See Oakland Physicians Med. Ctr., 44 F.4th at 568 (citing Henderson v. United States, 517 U.S. 654, 662 (1996)) ("absent a finding of good cause, the court retains discretion as to whether or not to enlarge" the time for service of process).

### B.      Second R&R

Plaintiff did not specifically object to the Second R&R. (Cf. ECF No. 59); see Dionne, 2024 WL 5245093, at *1. Thus, finding no clear error, and having adopted the Magistrate Judge's recommendation regarding the failure to effect service, the Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Plaintiff's various motions as unripe.[3]

### C.      Additional Instructions

The Court finds it prudent to include some additional instructions. The First R&R clearly describes how Plaintiff can effectuate service under the relevant Rules—namely, by requiring a

---

[3] To the extent Plaintiffs also seeks judicial disqualification of the undersigned, (see ECF Nos. 49, 51), those Motions are **DENIED**. Citing 28 U.S.C. § 455, Plaintiff requests the undersigned "be disqualified due to impartiality, statutory incompetency, personal bias, and prior association with corrupt behavior within the court system." (ECF No. 49 ¶ 1; see also ECF No. 51 at PageID 280.) Plaintiff, however, does not provide any substantive reasons to support disqualification; he merely uses some language from 28 U.S.C. § 455 to express his disagreement with the undersigned's order adopting the R&R regarding Plaintiff's motion to proceed *in forma pauperis*. (See ECF No. 49 ¶¶ 1–6; ECF No. 51 ¶¶ 16–22.)

return receipt signed by Defendant or by an otherwise designated person and filing the signed receipt with the Court.  (See ECF No. 56 at PageID 307–308 (citing Fed. R. Civ. P. 4; Tenn. R. Civ. P. 4.03(2), 4.04(3), 4.04(10)).)  As Plaintiff is not proceeding *in forma pauperis*, he cannot serve Defendant through the U.S. Marshalls.  (See ECF No. 56 at PageID 311.)

Plaintiff also must adhere to the orders previously entered in this case and to the Local Rules.  First, Plaintiff must seek leave of the Court before filing a sur-reply.  See L.R. 7.2(c); supra n.2.  Additionally, Plaintiff cannot contact the Court without notice to Defendant or its counsel—that is, cannot engage in *ex parte* communications—absent certain narrow circumstances.  On April 9, 2025, the Magistrate Judge entered an Order Directing Plaintiff to Cease Ex Parte Communications, after receiving multiple emails from Plaintiff that did not include Defendant or Defendant's counsel in violation of Local Rule 83.6(a).  (ECF No. 39.)  Plaintiff violated this Order as recently as June 27, 2025, by sending the Magistrate Judge another email that did not include Defendant or Defendant's counsel.  (See ECF No. 60.)  Plaintiff shall not contact any judicial officer of the Court about this case, outside of formal filings on the record, "unless there is an emergency and with reasonable notice to all counsel and unrepresented parties, orally or in open Court."  L.R. 83.6(a).

### III.     CONCLUSION

For the reasons stated above, the Court **ADOPTS IN PART** the Magistrate Judge's R&R on Defendant's Renewed Motion to Dismiss and **ADOPTS** the Magistrate Judge's R&R on Plaintiff's various motions.  Plaintiff shall have **twenty-one days** from entry of this Order, no later than August 28, 2025, to properly effect service on Defendant pursuant to Federal Rule 4 and Tennessee Rules 4.03(2) and 4.04(10).  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss and Plaintiff's Motion for Declaratory Judgment and Motions for Summary Judgment.

**SO ORDERED**, this 7th day of August, 2025.

                                                  */s/ Jon P. McCalla*
                                                JON P. McCALLA
                                                UNITED STATES DISTRICT JUDGE