IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RYAN CLARKE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:25-cv-2020-SHL-tmp |
| | ) |
| TOTAL QUALITY LOGISTICS, | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART
PLAINTIFF'S MOTION VINDICATING SERVICE OF PROCESS,
GRANTING IN PART DEFENDANT'S MOTION TO DISMISS,
COMPELLING ARBITRATION, AND STAYING CASE**

Before the Court is Magistrate Judge Tu M. Pham's Report and Recommendation ("R&R"), filed September 26, 2025, on filings by pro se Plaintiff Ryan Clarke and Defendant Total Quality Logistics ("TQL"). (ECF No. 70.) The R&R recommends that the Court:

(1) grant in part Clarke's Motion Vindicating Service of Process (ECF No. 62) only to the extent of finding that service of process has been perfected,

(2) grant in part TQL's Motion to Dismiss (ECF No. 66),

(3) dismiss Clarke's claims related to the Non-Compete Agreement without prejudice,

(4) compel arbitration as to his other claims, and

(5) stay the case pending arbitration. (ECF No. 70 at PageID 414.)

Clarke filed a "reply" to the R&R on September 29.[1] (ECF No. 71.) TQL responded to Clarke's reply on October 14. (ECF No. 72.) Clarke then refiled his reply twice more, with minor

---

[1] This reply to the R&R was substantially a refiling of another document styled Motion in Opposition of Dismissal & Motion for Summary Judgment, filed a week earlier (ECF No. 69). Because the reply is analyzed below, the earlier filing is duplicative and **DENIED AS MOOT**.

alterations, on October 17 and February 24. (ECF Nos. 73–74.)

For the reasons stated below, the Court **ADOPTS** the R&R, **GRANTS IN PART** Clarke's Motion Vindicating Service of Process, **GRANTS IN PART** TQL's motion to dismiss, **DISMISSES** Clarke's claims related to the Non-Compete Agreement without prejudice, **COMPELS** arbitration on his other claims, and **STAYS** the case.

## BACKGROUND

Clarke's complaint arises from his employment and termination at TQL. (ECF Nos. 1-1; 70 at PageID 399.) Because Clarke signed a Non-Compete Agreement with TQL, when he was terminated, he was prevented from "work[ing] for another company within the same industry." (ECF No. 70 at PageID 399.) The complaint alleges that he was wrongfully terminated and that the Non-Compete Agreement is unenforceable. (Id.) He raises the following claims:

> [w]rongful termination, [w]rongful non-compete agreement, [l]oss of wages after termination, [d]enial of opportunity due to wrongful [n]on-[c]ompete, [l]oss of salary plus commission forcing plaintiff to enter a commission only situation from scratch, [l]oss of quality of life, [c]reation of a political refugee through means of corruption, creating vulnerability and distrust for a citizen within the judicial system by exploitation, [c]orporate [i]ncriplement, [a]ct of [j]udicial [w]ar [g]ames, [a]n attempt to use the judicial system to mask corruption, and [s]evere [m]ental anguish . . . .

(Id.) But Clarke also signed an Arbitration Agreement with TQL, which stated that "[t]he Parties agree[d] to resolve any and all disputes and claims between them ('Legal Claims') in accordance with the terms of [the] Agreement exclusively." (Id. at PageID 400.)

TQL moved to dismiss for insufficient service of process on January 16, 2025. (ECF No. 10.) After the Court twice found that Clarke's attempts at service were insufficient (ECF Nos. 43, 61), it gave him an extension until August 28, 2025, to effect service. (ECF No. 61 at PageID 330.) On August 8, Clarke filed his Motion Vindicating Service of Process and Motion for Summary Judgment (ECF No. 62), to which he attached a proof of delivery dated March 31.

(ECF Nos. 62-1; 70 at PageID 401–02.)

TQL filed its Second Renewed Motion to Dismiss on August 28 for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (ECF No. 66.) Among other arguments, TQL contends that the Court should compel arbitration on all Clarke's claims except those concerning the Non-Compete Agreement, which included a forum-selection clause providing for venue in certain Ohio courts. (ECF Nos. 66-1 at PageID 350; 70 at PageID 403.) TQL argues that the Court should dismiss the Non-Compete Agreement claims, for which venue is only proper in Ohio, under Rule 12(b)(6) or, in the alternative, transfer them to the U.S. District Court for the Southern District of Ohio. (ECF No. 70 at PageID 404.)

The R&R was filed on September 26, recommending that the Court find sufficient service of process, dismiss Clarke's claims relating to the Non-Compete Agreement without prejudice, compel arbitration on his other claims, and stay the case. (Id. at PageID 414.) Clarke filed his Reply to Report and Recommendations three days later. (ECF No. 71.)

## ANALYSIS

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "The filing of vague, general, or conclusory objections does not meet the requirement

3

of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

The Court construes Clarke's Reply to Report and Recommendations as a statement of objections to the R&R. Nevertheless, almost none of the twenty items listed by Clarke amount to a specific objection to any finding of fact or conclusion of law proposed by the Magistrate Judge. (See ECF No. 71.) Rather, among other things, Clarke repeats earlier arguments (id. at PageID 420), interprets the phrase "dismissal with prejudice" to indicate that judges have personal prejudice against him (id. at PageID 421), and repeats the fourteen claims of his complaint (id. at PageID 422).

One objection, however, appears responsive to a conclusion of the R&R. Clarke asserts that, as "a resident of Tennessee," the Ohio forum-selection clause in the Non-Compete Agreement "would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." (Id. at PageID 421.) Thus, the Court reviews de novo only this recommendation, and reviews all other conclusions of the R&R for clear error.

"[A] valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.D. of Tex., 571 U.S. 49, 63 (2013) (citation omitted). When parties agree "in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Id. at 66. Dismissal under Rule 12(b)(6) is a proper means of enforcing forum-selection clauses. Smith v. Aegon Cos. Pension Plan, 769 F.3d 922, 933–34 (6th Cir. 2014). "A forum-selection clause

4

should be upheld absent a 'strong showing' that it should be set aside." Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). When considering whether a forum selection clause is enforceable, courts within the Sixth Circuit consider the following factors:

> (1) whether the clause was obtained by fraud, duress, or other unconscionable means;
> (2) whether the designated forum would ineffectively or unfairly handle the suit; and
> (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

Firexo, Inc. v. Firexo Grp. Ltd., 99 F.4th 304, 309 (6th Cir. 2024) (citing Wong, 589 F.3d at 828). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." Id. (quoting Wong, 589 F.3d at 828).

Here, Clarke does not carry his burden to show that the Ohio forum would be "so seriously inconvenient" as to be "unjust." Ohio is not unreasonably far from Tennessee, and, more importantly, Clarke agreed to litigate his claims regarding the Non-Compete Clause in Ohio. And "[w]hatever 'inconvenience' [he] would suffer by being forced to litigate in [Ohio] as [he] agreed to do was clearly foreseeable at the time of contracting[.]" Atl. Marine, 571 U.S. at 64 (citation omitted). His bare assertion of inconvenience does not amount to an injustice, and thus the forum-selection clause will be enforced.

Having reviewed de novo the one conclusion of the R&R to which Clarke objects and finding no error, and having reviewed the remainder of the R&R and finding no clear error, the Court **ADOPTS** the R&R.

## CONCLUSION

Therefore, the Court **ADOPTS** the R&R, **GRANTS IN PART** Clarke's Motion Vindicating Service of Process (ECF No. 62), and **GRANTS IN PART** TQL's Second Renewed Motion to Dismiss (ECF No. 66). Clarke's claims related to the Non-Compete Agreement are **DISMISSED** without prejudice, Clarke is **COMPELLED** to arbitrate all other claims against

5

TQL, and the matter is **STAYED** pending the outcome of binding arbitration pursuant to 9 U.S.C. § 3. The Parties shall file a joint status report within thirty days after the completion of the arbitration.

    **IT IS SO ORDERED,** this 5th day of March, 2026.

                                                        s/ Sheryl H. Lipman  
                                                        SHERYL H. LIPMAN  
                                                        CHIEF UNITED STATES DISTRICT JUDGE